IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ABBY LOVE<br>2122 Laurel Valley Drive<br>Toledo, Ohio 43614 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| CENTENE MANAGEMENT COMPANY, LLC<br>1705 Indian Wood Circle, Suite 100<br>Maumee, Ohio 43537 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Centene Management Company, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | | |

Plaintiff, Abby Love, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Love is a resident of the city of Toledo, county of Lucas, state of Ohio.

2. Centene Management Company, LLC ("Centene") is a foreign limited liability company that operated a business located at 1705 Indian Wood Circle, Suite 100, Maumee, Ohio 43537.

3. Centene was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 2601 *et seq*.

4. Centene was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 126 § 12101 *et seq*.

5. Centene was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Love is alleging a Federal Law Claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 126 § 12101 *et seq.*

7. All material events alleged in this Complaint occurred in Lucas County.

8. This Court has supplemental jurisdiction over Love's state law claims pursuant to 28 U.S.C. § 1367 as Love's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Love filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00877 against National Beef.

11. On May 5, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Love regarding the Charges of Discrimination brought by Love against National.

12. Love received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

13. Love has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Love has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Love is a former employee of Centene.

16. Love began working for Centene on or around March 12, 2018.

17. Centene employed Love as a RN/Case Manager.

18. Ellen Last Name Unknown was Love's immediate supervisor.

19. During all material events asserted herein, Ellen LNU has and/or had authority to hire, fire, and/or discipline employees.

20. Ellen LNU did not participate in the decision to hire Love.

21. Love suffers from Diastasis Recti ("Medical Condition").

22. The Medical Condition caused Love to have issues sitting up and doing day to day activities, and caused rashes.

23. The Medical Condition constitutes a physical impairment.

24. Love has a record of the Medical Condition.

25. Love's Medical Condition substantially impaired one or more of her major life functions, including working.

26. As a result of suffering from the Medical Condition, Love is disabled.

27. Alternatively, Centene perceived Love to be disabled.

28. Despite any real or perceived disability, Love was capable of performing her essential job functions with or without reasonable accommodation(s).

29. On or around March 26, 2021, Love consulted her physician regarding the Medical Condition.

30. Due to the Medical Condition, Love's physician scheduled Love for medically necessary surgery.

31. On or around April 2, 2021, Love notified Centene of the Medical Condition.

32. Centene is subject to the provisions of the FMLA.

33. As of April 2, 2021, Love qualified for protected leave under the FMLA.

34. As of April 2, 2021, Love worked for Sedgwick for at least 12 months.

35. As of April 2, 2021, Love had at least 1,250 hours of service for Centene during the previous 12 months.

36. As of April 2, 2021, Love was entitled to utilize FMLA leave due to the Medical Condition.

37. Love requested 8 weeks of FMLA leave to have surgery for her Medical Condition.

38. Love's request for leave was a request for an accommodation.

39. Love's request for leave was reasonable.

40. Love's request for leave did not pose undue burden on Centene.

41. Love's last day of work prior to her surgery was May 5, 2021.

42. On or around May 6, 2021, Love had surgery for the Medical Condition.

43. Subsequent to her surgery, Centene denied Love's FMLA leave.

44. Love notified Centene that she had been cleared to return to work on June 28, 2021.

45. On or around June 23, 2021, Centene terminated Love's employment.

46. Centene terminated Love's employment because she is disabled.

47. Alternatively, Centene terminated Love's employment because it perceived Love to be disabled.

48. Centene's termination prohibited Love from taking the FMLA leave she was entitled.

49. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

50. Defendant has used the Progressive Discipline Policy when disciplining non-disabled employees.

51. Alternatively, Defendant has used the Progressive Discipline Policy when disciplining employees it did not perceive to be disabled.

52. Under the Progressive Discipline Policy, Love had not received any meaningful discipline.

53. Under the Progressive Discipline Policy, Love had not received any written warnings.

54. Under the Progressive Discipline Policy, Love had not been suspended.

55. Defendant skipped steps under the Progressive Discipline Policy when they terminated Love's employment.

56. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

57. Skipping steps under the Progressive Discipline Policy is an adverse action.

58. Defendant intentionally skipped steps under the Progressive Discipline Policy when they terminated Love's employment.

59. Defendant willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Love's employment.

60. Terminating Love's employment was an adverse employment action.

61. Terminating Love's employment was an adverse action.

62. Defendant intentionally terminated Love's employment.

63. Defendant willfully made the decision to terminate Love's employment.

64. Defendant terminated Love's employment in violation of the Progressive Discipline Policy because she is disabled.

65. Alternatively, Defendant terminated Love's employment in violation of the Progressive Discipline Policy because it perceived Love to be disabled.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

66. Love restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

68. Centene is a covered employer under the FMLA.

69. During her employment, Love qualified for FMLA leave.

70. During her employment, Love attempted to request FMLA leave by asking Defendant if she qualified to take FMLA leave.

71. Defendant unlawfully interfered with Love's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

72. As a direct and proximate result of Defendant's conduct, Love is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq.*

73. Love restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Love suffers from the Medical Condition.

75. The Medical Condition caused Love to have issues sitting up and doing day to day activities, and caused rashes.

76. The Medical Condition constitutes a physical impairment.

77. Love has a record of the Medical Condition.

78. Love's Medical Condition substantially impaired one or more of her major life functions, including working.

79. As a result of suffering from the Medical Condition, Love is disabled.

80. Alternatively, Centene perceived Love to be disabled.

81. Despite any real or perceived disability, Love was capable of performing her essential job functions with or without reasonable accommodation(s).

82. Centene treated Love differently than other similarly-situated employees based on her disabling condition.

83. Alternatively, Centene treated Love differently than other similarly-situated employees based on her perceived disabling condition.

84. On or about June 23, 2021, Defendant terminated Love's employment without just cause.

85. Defendant terminated Love's employment based her disability.

86. Alternatively, Defendant terminated Love's employment based her perceived disability.

87. Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Love based on her disability.

88. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Love based on her perceived disability.

89. Defendant violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Love based on her disabling condition.

90. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Love based on her perceived disabling condition.

91. Love suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq.*

92. As a direct and proximate result of Defendant's conduct, Love suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

93. Love restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Love suffers from the Medical Condition.

95. The Medical Condition caused Love to have issues sitting up and doing day to day activities, and caused rashes.

96. The Medical Condition constitutes a physical impairment.

97. Love has a record of the Medical Condition.

98. Love's Medical Condition substantially impaired one or more of her major life functions, including working.

99. As a result of suffering from the Medical Condition, Love is disabled.

100. Alternatively, Centene perceived Love to be disabled.

101. Despite any real or perceived disability, Love was capable of performing her essential job functions with or without reasonable accommodation(s).

102. Defendant treated Love differently than other similarly-situated employees based on her disabling condition.

103. Alternatively, Defendant treated Love differently than other similarly-situated employees based on her perceived disabling condition.

104. On or about June 23, 2021, Defendant terminated Love's employment without just cause.

105. Defendant terminated Love's employment based her disability.

106. Alternatively, Defendant terminated Love's employment based her perceived disability.

107. Defendant violated R.C. § 4112.01 *et seq.* when it discharged Love based on her disability.

108. Alternatively, Defendant violated R.C. § 4112.01 *et seq.* when it discharged Love based on her perceived disability.

109. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Love based on her disabling condition.

110. Alternatively, Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Love based on her perceived disabling condition.

111. Love suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

112. As a direct and proximate result of Defendant's conduct, Love suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Love demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Love to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Love for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Love's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Abby Love demands a trial by jury by the maximum number of jurors permitted.

> */s/ Taurean J. Shattuck*
> Taurean J. Shattuck (0097364)
> **SPITZ, THE EMPLOYEE'S LAW FIRM**